PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN PRICE, ) | |
| ) | CASE NO. 1:15CV1627 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| BRIGHAM SLOAN, WARDEN, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 18] |

On December 22, 2015, the magistrate judge issued an order denying Petitioner Christian Price's motion for appointment of counsel (ECF No. 3), motion for bail (ECF No. 4), motion to order Respondent to file state court record (ECF No. 12), renewed motion for order to Respondent to file missing record (ECF No. 15), and motion for court order directed to Respondent to file for review signed jury verdict forms (ECF No. 16).  ECF No. 17.  Petitioner has filed objections to the magistrate judge's order.  ECF No. 18.  The Court has reviewed the above filings, the relevant portions of the record, and the governing law.  For the reasons provided below, the Court overrules Petitioner's objections.

**I.  Standard of Review**

Because Petitioner has objected to rulings on non-dispositive motions, review is governed by Local Rule 72.3(a):

> Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after

(1:15cv1627)

> service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider sua sponte any matter determined by a Magistrate Judge under this Rule.

The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted)). "In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2015 WL 7251307, at *1 (N.D. Ohio Nov. 16, 2015) (citations omitted).  An abuse of discretion occurs when the magistrate judge "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 647 (6th Cir.1993)).

## II.  Analysis

Petitioner lodges the following unedited objections to the magistrate judge's order:

1.  Due to the complex issues and law see Petition, appointment of counsel is necessary, and says he's denied redress without appointment of counsel.

2. Mr. Price re-news his request for bail, he's been on $50,00.00 bail and never violated any condictions [sic], he has family, job, and community support, his family, children, Mother and Father have suffered at his loss, and the evidence supports the fact he innocent see Petition and supporting documents. Also Mr.

(1:15cv1627)

Price did make substantial claim for bail in interest of justice Motion.

3. MAG. Judge abuses discretion in denying request for verdit [sic] forms as those signed by the jury will prove if all jurors signed the verdict forms and thereby the jury in fact found him guilty of kidnapping by unanimous jury, or forms will show non-unanimous verdict which means he's innocent of kidnapping which would excuse any procedural default and support Habeas Grounds for relief,

4. Petitioner has submitted Grounds for Relief for violations of his right to guilt beyond a reasonable doubt, and insufficient evidence without transcript containing DOC.#:; PageID#:, and (ECF) markings he won't be able to cite record.

ECF No. 18.  For the reasons that follow, Petitioner's objections are overruled.

### A. Appointment of Counsel

The magistrate judge denied Petitioner's motion for appointment of counsel (ECF No. 3) because there is no absolute right to the appointment of counsel in habeas proceedings, *see* *Abdur-Rahman v. Michigan Dep't of Corr*, 65 F.3d 489, 492 (6th Cir. 1995), and Petitioner's argument in support of appointment—that he is ignorant of habeas corpus law—"would result in a de facto right to counsel in virtually all habeas cases." ECF No. 17 at PageID #: 1952. Petitioner's objection—that his petition involves complex issues and law—is a merely a regurgitaion of the argument raised in his motion for appointment of counsel the magistrate judge rejected by applying the correct legal standard.

### B. Bail

The magistrate judge denied Petitioner's motion for bail (ECF No. 4) because he found that Petitioner's conclusory statements regarding his innocence failed to establish that he has a substantial claim of law based on the facts surrounding the petition, or exceptional circumstances making the motion for bail deserving of special treatment. ECF No. 17 at PageID #: 1952; *see*

3

(1:15cv1627)

also *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) ("Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case."). Petitioner's objection lists a number of reasons justifying bail—community ties and the impact incarceration has on his family—are not sufficiently unique to justify granting him bail.

### C. Verdict Forms

The magistrate judge denied Petitioner's motion to direct the respondent to file the signed jury verdict forms (ECF No. 16) because he concluded that the verdict forms are not new reliable evidence establishing actual innocence to overcome the procedural default defense asserted by Respondent. ECF No. 17 at PageID #: 1953. Petitioner's objection appears to conflate being found innocent with being found not guilty, because he suggests—without legal support—that he would be deemed innocent of the charges if the jury verdict was not unanimous. Nonetheless, Petitioner's argument ignores the fact that the verdict forms would not be the type of evidence needed to support a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

### D. State Court Records

The magistrate judge denied Petitioner's motions to order Respondent to file missing state court records (ECF Nos. 12; 15) because Respondent had filed the trial transcript on the docket (ECF No. 9-1). ECF No. 17 at PageID #: 1953. Petitioner objects that he will not be able to support his petition without the ECF Header; however, there is no merit to this argument.

(1:15cv1627)

Respondent has included a table of contents at the beginning of the state court record and has numbered the exhibits contained therein. Petitioner can cite to the record adequately with that which Respondent has provided.

### III. Conclusion

For the forgoing reasons, the Court overrules Petitioner's objections.

IT IS SO ORDERED.

| | |
|---|---|
| May 23, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |